**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

IN RE:

**MICHIGAN WHEEL CORPORATION,**
a Delaware corporation,

Case No.: GK 09-08282
Chapter 11, Case Filed 07/13/09
Hon. James D. Gregg

      Debtor.      /

**ORDER: (I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S OPERATING ASSETS PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES TO MICHIGAN WHEEL OPERATIONS, LLC; (II) AUTHORIZING AND APPROVING THE TERMS OF THE DEBTOR'S ASSET PURCHASE AGREEMENT AND RELATED AGREEMENTS WITH MICHIGAN WHEEL OPERATIONS, LLC AND AUTHORIZING CONSUMMATION OF THE TRANSACTIONS CONTEMPLATED THEREIN INCLUDING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN SPECIFIED EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND THE ASSUMPTION OF CERTAIN SPECIFIED LIABILITIES; AND (III) GRANTING RELATED RELIEF**

Michigan Wheel Corporation (the Debtor"), having filed on July 13, 2009 its *Motion To Approve (1) Bidding Procedures, A Break-Up Fee, Bid Protection, Form Of Asset Purchase Agreement And Other Matters Relating To Sale Of Substantially All Of The Debtor's Operating Assets; (2) Sale Of Substantially All Of The Debtor's Operating Assets Free And Clear Of Liens, Claims, And Encumbrances Pursuant To 11 U.S.C. §§ 105(A), And 363, And (3)The Assumption And Assignment Of Certain Executory Contracts And Unexpired Nonresidential Property Leases Under 11 U.S.C. § 365 In Connection With The Sale Of Substantially All Of Debtor's Assets* (the "Sale Motion")[1], seeking, pursuant to sections 105(a), 363, and 365 of title 11 of the United

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Asset Purchase Agreement (the "Purchase Agreement") by and between the Debtor and Michigan Wheel Operations, LLC (the "Purchaser"), dated as of July 13, 2009 (a copy of which is attached hereto as <u>Exhibit A</u>), the Sale Motion, or the Bidding Procedures Order, as the case may be, in that order of priority, unless the context clearly requires otherwise.

States Code (the "Bankruptcy Code") and Rules 2002, 6004, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorization to sell substantially all its operating assets and assign certain executory contracts and unexpired leases (the "Transaction" or "Transactions"); and this Court having entered on July 29, 2009, its *Order (1) Approving Bidding Procedures, a Break-Up Fee, Bid Protection and Other Matters Relating to the Sale of Substantially All of the Debtor's Operating Assets: (2) Form of Asset Purchase Agreement; and (3) Scheduling a Sale Hearing* (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures with respect to, and notice of, the Transaction; and the Auction having been conducted in all material respects in accordance with the Bidding Procedures Order on August 25, 2009; and Debtor, having determined that Michigan Wheel Operations, LLC ("Purchaser") has submitted the highest or otherwise best bid for the Purchased Assets and Assumed Liabilities and has been designated as the Successful Bidder pursuant to the Bidding Procedures Order; and a hearing having been held on August 26, 2009 (the "Sale Hearing") to consider approval of the sale of the Purchased Assets to Purchaser (as well as the assumption by Purchaser of the Purchased Contracts and Assumed Liabilities) pursuant to the terms and conditions of the Purchase Agreement, and adequate and sufficient notice of the Bidding Procedures, the Purchase Agreement, and the Transaction having been given to parties in interest in these cases; and such parties having been afforded an opportunity to be heard with respect to the Sale Motion and all relief requested therein; and the Court having reviewed and considered: (i) the Sale Motion; (ii) the objections to the Sale Motion; and (iii) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing, after due deliberation thereon; and good and sufficient cause appearing therefor, and it appearing that the relief requested in the

Sale Motion, insofar as it pertains to this Order, is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and the Court being fully advised in the premises;

**IT HEREBY IS FOUND AND DETERMINED THAT:**[2]

      A.    This Court has jurisdiction over the Sale Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (N). Venue of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      B.    The statutory bases for the relief sought in the Sale Motion are sections 105(a), 363, and 365 of the Bankruptcy Code, together with Bankruptcy Rules 2002, 6004, 9007, and 9014.

      C.    As evidenced by the proofs of service on file with this Court: (i) due, proper, timely, adequate, and sufficient notice and a reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein, the Sale Hearing, the Transaction, and the Auction, have been provided in accordance with Bankruptcy Code sections 102(1), 105(a), 363, and 365 and Bankruptcy Rules 2002, 6004, 9007, and 9014, and in compliance with the Bidding Procedures and the Purchase Agreement, to interested persons and entities, including, but not limited to: (1) the Office of the United States Trustee; (2) Purchaser and its counsel; (3) all entities, including Bank of America, known to Debtor that assert any Liens against or other interests in the Purchased Assets (or any portion thereof); (4) all parties known to the Debtor who expressed in writing to Debtor an interest in purchasing all or a portion of the Purchased Assets; (5) all non-Debtor parties to any Purchased Contracts; (6) all relevant taxing and regulatory authorities; and (7) all entities required to receive notice pursuant to Bankruptcy Rule 2002, including, without limitation, those entities that have filed a notice of appearance and request for service of papers in these cases; (ii) such notice was good, sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Sale Motion,

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

the Sale Hearing, the Transaction, the Bidding Procedures, the Sale Notice, or the Auction is or shall be required.

        D.      As demonstrated by the testimony and other evidence, if any, proffered or adduced at the Sale Hearing, the Debtor has marketed the Purchased Assets and conducted the sale process in compliance, in all material respects, with the Bid Procedures Order.

        E.      No consents or approvals are required for Debtor to consummate the Transaction other than the consent and approval of this Court and those set forth in the Purchase Agreement. Neither the execution of the Purchase Agreement nor the consummation of the Transaction in accordance with its terms will constitute a violation of any provision of Debtor's organizational documents or any other instrument, law, regulation, or ordinance by which Debtor is bound.

        F.      The bidding and related procedures established by the Bidding Procedures Order have been complied with in all material respects by Debtor and Purchaser. The Debtor received a Qualifying Bid from C. Steven Powers and Roger S. Brown, an Auction for the Purchased Assets was held in material compliance with the Bid Procedures Order, and Debtor has selected Purchaser as the Successful Bidder.

        G.      Debtor is the legal and equitable owner of the Purchased Assets and, upon entry of this Sale Order, Debtor shall have full authority to consummate the Transaction contemplated by the Purchase Agreement. The Purchase Agreement and the Transaction have been duly and validly authorized by all necessary corporate action, as the case may be, of Debtor.

        H.      Approval of the Purchase Agreement and consummation of the Transaction is in the best interests of the Debtor, its estate, creditors, and other parties in interest, The Debtor has demonstrated (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances for the Sale pursuant to section 363(b) of the Bankruptcy Code prior to, in contemplation of, and outside of, a plan of reorganization.

I. The Debtor, with the assistance of its professionals, diligently and in good faith marketed the Purchased Assets to secure the highest and best offer therefor by, among other things, making its books and records and the Purchased Assets available to potential buyers for due diligence and providing potential buyers access to management. In addition, the Debtor served the Bid Procedures Order, the Sale Motion, and the Debtor's draft of the Purchase Agreement on each of the entities that had previously expressed an interest in some or all of the Purchased Assets.

J. The procedures set forth in the Bid Procedures Order, including the Auction, were designed to and achieved a fair and reasonable purchase price constituting the highest and best offer obtainable for the Purchased Assets.

K. A sale of the Purchased Assets at this time pursuant to Section 363(b) of the Bankruptcy Code will preserve the existing value of the Purchased Assets and maximize the Debtor's estate for the benefit of all constituencies.

L. The Purchase Agreement was negotiated, proposed, and entered into by Debtor and Purchaser without collusion, in good faith, and from arm's length bargaining positions. Purchaser is not an "insider" of Debtor, as that term is defined in Bankruptcy Code section 101.  Any relevant connections or relationships between the Debtor, the Purchaser, and any parties that have, to the Debtor's knowledge, considered participating in the Auction or otherwise expressed interest in acquiring the assets of the Debtor have been disclosed, and the Debtor and Purchaser have not engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under Bankruptcy Code section 363(n).

M. Purchaser is in all respects a good faith purchaser under Bankruptcy Code section 363(m) and, as such, is entitled to all of the protections afforded thereby. Purchaser will be acting in good faith within the meaning of Bankruptcy Code section 363(m) in consummating the Transaction.

N. The consideration to be provided by Purchaser pursuant to the Purchase Agreement: (i) is fair and reasonable; (ii) is the highest or otherwise best offer for the Purchased Assets; (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

O. The Purchase Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, or the District of Columbia.

P. The transfer of the Purchased Assets to the Purchaser will be a legal, valid, and effective transfer of the Purchased Assets, and, except as expressly provided in the Purchase Agreement, will vest the Purchaser with all right, title, and interest of the Debtor to the Purchased Assets free and clear of all Liens, claims, encumbrances, and interests of any kind (collectively from time to time herein "Interests"), including, without limitation, the following: (i) interests that purport to give to any party or entity a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Debtor's or the Purchaser's interest in the Purchased Assets, or any similar rights; (ii) interests relating to taxes arising under or out of, in connection with, or in any way relating to the operation of the Business prior to the Closing Date; and (iii) interests relating to Liens, claims, and encumbrances on the Purchased Assets or against the Debtor; <u>provided, however</u>, that all such Interests shall attach to the proceeds of the Sale, in order of priority as set forth herein.

Q. The Purchaser would not have entered into the Purchase Agreement and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtor, its estate, and its creditors, if the sale of the Purchased Assets to the Purchaser and the assignment of the Purchased Contracts to the Purchaser were not free and clear of all Liens and

Interests of any kind or nature whatsoever, or if the Purchaser would, or in the future could, be liable for any of the Liens or Interests not expressly assumed by the Purchaser.

      R.    Subject to the provisions of this Order, the Debtor may sell the Purchased Assets free and clear of all Liens and other Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f)(1) through (5) of the Bankruptcy Code has been satisfied. Those (i) holders of Interests and (ii) non-debtor parties to Purchased Contracts who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those (i) holders of Interests and (ii) non-debtor parties to Purchased Contracts who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Interests, if any, attach to the proceeds of the Sale attributable to the property against or in which they claim Interests.

      S.    The (i) transfer of the Purchased Assets to the Purchaser and (ii) assumption and assignment to the Purchaser of the Purchased Contracts will not deem the Purchaser to be a "successor", or subject the Purchaser to any liability whatsoever with respect to, or on account of, the operation of the Business prior to the Closing Date or by reason of such transfer under any applicable laws, whether based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of equitable law, any theory of implied assumption of any liabilities other than the Assumed Liabilities, any theory of constructive consolidation or merger of the Purchaser and the Debtor, any theory that Purchaser's acquisition is a mere continuation or reincarnation of the Debtor's business, any theory that the Transaction is fraudulent or lacks good faith, or any other theory of antitrust, vicarious, successor, or transferee liability.

      T.    The Debtor has demonstrated that it is an exercise of its sound business judgment to enter into the Transaction, consummate the Sale, and assume and assign the Purchased Contracts to the Purchaser in connection with the consummation of the Sale, and the

assumption and assignment of the Purchased Contracts is in the best interests of the Debtor, its estate, and its creditors. The Purchased Contracts being assumed and assigned to the Purchaser are an integral part of the assets being purchased by the Purchaser and, accordingly, such assumption and assignment of the Purchased Contracts are reasonable, enhance the value of the Debtor's estate, and do not constitute unfair discrimination.

U. The consummation of the Transaction (the "Closing") pursuant to the Purchase Agreement will be a legal, valid, and effective transfer of the Purchased Assets to Purchaser, and will vest Purchaser with all right, title, and interest in and to the Purchased Assets and the Purchased Contracts, free and clear of all Liens and Interests, other than Permitted Exceptions (as such term is defined in the Purchase Agreement) in accordance with section 363(f) of the Bankruptcy Code.

V. The Purchase Agreement is a valid and binding contract between Debtor and Purchaser, which is and shall be enforceable according to its terms.

W. All of the provisions of the Purchase Agreement are non-severable and mutually dependent.

X. Notice of the Sale Motion has been provided to each non-debtor party to a Purchased Contract, together with a statement from Debtor with respect to the amount, if any, to be paid by Debtor to such non-debtor party to cure any defaults under, and to otherwise comply with the requirements of section 365(b) of the Bankruptcy Code with respect to the Purchased Contract to which such non-debtor is party (the "Cure Amounts"). As to each Purchased Contract, payment of the Cure Amount as determined in accordance with the procedures provided in the Bidding Procedures Order will be sufficient for Debtor to comply fully with the requirements of section 365(b) of the Bankruptcy Code.

Y. The Purchaser has provided adequate assurance of its ability to perform its obligations under each of the Purchased Contracts within the meaning of section 365(f) of the Bankruptcy Code.

NOW, THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Sale Motion is **GRANTED** and approved in all respects (other than with respect to matters already addressed by the Bidding Procedures Order).

2. Any objections to the entry of this Sale Order or the relief granted herein and requested in the Sale Motion that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are **DENIED and OVERRULED.**

### Approval Of The Purchase Agreement, Transaction And Ancillary Agreements

3. Purchaser's final bid of $3,975,000.00, the Purchase Agreement, and all of the terms and conditions thereof and the Transactions contemplated thereby, are hereby approved.

4. Pursuant to Bankruptcy Code sections 363(b) and (f) and 365(b), Debtor is authorized, empowered, and, subject to the terms of the Purchase Agreement and this Sale Order, directed to execute, deliver, and perform under, consummate, and implement the Purchase Agreement together with all additional instruments and documents that are requested by Purchaser and may be reasonably necessary or desirable to implement the Purchase Agreement, and to take any and all actions as it deems necessary, appropriate, or advisable for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser or reducing to possession, the Purchased Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement, including, without limitation, any and all actions reasonably requested by Purchaser which are consistent with the Purchase Agreement.

5. Pursuant to sections 105(a), 363(f), and 365(b) of the Bankruptcy Code, upon the Closing: (i) the transfer of the Purchased Assets to Purchaser pursuant to the Purchase Agreement shall constitute a legal, valid, and effective transfer of the Purchased Assets and

shall vest Purchaser with all right, title, and interest in and to the Purchased Assets; (ii) the Purchased Assets shall be transferred to Purchaser free and clear of all Liens and Interests (other than the Permitted Exceptions) against such assets, in accordance with section 363(f) of the Bankruptcy Code, with any such Liens or Interests (other than the Permitted Exceptions) to attach to the net proceeds of the Transaction, in the order of their priority, with the same validity, force, and effect which they had against the Purchased Assets prior to the entry of this Sale Order, subject to any rights, claims, and defenses Debtor and all interested parties may possess with respect thereto; and (iii) each of the Purchased Contracts shall be deemed assumed by Debtor and assigned to Purchaser on the Closing Date as provided in and contemplated, and required by, the Purchase Agreement. Without limiting the generality of the preceding sentence, the transfer of the Purchased Assets shall be free and clear of all Liens and Interests of any government or governmental or regulatory body thereof, or political subdivision thereof, whether foreign, federal, state, or local, or any agency, instrumentality or authority thereof, or any court or arbiter (public or private).

6. This Sale Order is and shall be effective as a determination that all Liens and Interests shall be and are, without further action by any person or entity, released with respect to the Purchased Assets as of Closing.

7. Except as expressly permitted or otherwise specifically provided by the Purchase Agreement or this Sale Order, to the greatest extent possible with the requirements of due process, and provided further that the Closing shall have occurred, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, customers, users, warranty claimants, and trade and other creditors, holding Liens or Interests of any kind or nature whatsoever in the Debtor or the Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtor, the Purchased Assets, or the transfer of the

Purchased Assets to the Purchaser, hereby are forever barred, estopped, and permanently enjoined from asserting against the Purchaser, its parents, affiliates, or subsidiaries, its successors or assigns, its property, or the Purchased Assets, such persons' or entities' Liens, claims, or Interests, pursuant to any legal or equitable theory whatsoever, including, without limitation that (a) the Purchaser is deemed to be a "successor" to the Debtor for any purpose, (b) the Purchaser is deemed to have, de facto or otherwise, merged with or into the Debtor; or (c) that the Purchaser is deemed to be a continuation of the Debtor.  Nothing in this Order or any agreement entered into under this Order, however, releases, nullifies, precludes, or enjoins the enforcement of any liability to a governmental unit under police or regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order

        8.     To the greatest extent allowed by applicable law, except as expressly provided in the Purchase Agreement, the Purchaser is not assuming nor shall it, in any way whatsoever, be or be deemed to be liable or responsible, as successor or otherwise, for any Liabilities of the Debtor, or any Liabilities in any way whatsoever relating to or arising from the Debtor's assets, business, or operations, or by virtue of the conveyance of the Purchased Assets to Purchaser.

### Distribution of Sale Proceeds

        9.     The net sale proceeds, after deducting the fees and expenses due to Mesirow Financial, Inc. upon Closing as approved by this Court, shall be distributed to Bank of America, N.A. in an amount sufficient to satisfy in full all obligations owing by the Debtor to Bank of America, N.A. as of Closing, subject to the right of the Debtor or the Official Committee of Unsecured Creditors to timely file a pleading, in accordance with the procedures and time period provided under the Final Agreed Order Authorizing Use of Cash Collateral, seeking a return of all or a portion of such net sale proceeds on the ground that Bank of America is not secured, is undersecured, or that its liens are not properly perfected.  Nothing contained

herein affects or limits any rights, claims, or causes of action that the Official Committee of Unsecured Creditors may assert in accordance with the procedures and time period provided under the Final Agreed Order Authorizing Use of Cash Collateral.  Further, nothing herein shall alter, diminish, or otherwise affect the rights of Bank of America, N.A. under the Final Agreed Order Authorizing Use of Cash Collateral or applicable law.

### Assumption And Assignment Of Purchased Contracts

10. Debtor shall be responsible for curing all allowed pre-petition monetary and non-monetary defaults relating to the Purchased Contracts. Pursuant to Section 365 of the Bankruptcy Code, Debtor is authorized to assume the Purchased Contracts designated in the Purchase Agreement, cure the same (in the Cure Amounts set forth in the notice relating to such contracts or by further order of the Court; with the sole exception that the Cure Amount for G & S Leasing, Inc. shall be $2,756.00) and assign the same to Purchaser.

11. The Purchased Contracts, consistent with the provisions contained herein, shall be transferred to, and remain in full force and effect for the benefit of, the Purchaser in accordance with their respective terms, notwithstanding any provision in any such Purchased Contract (including those of the type described in section 365(b)(2) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code, the Debtor shall be relieved from any further liability with respect to the Purchased Contracts after such assignment to and assumption by the Purchaser.

12. All defaults or other obligations of the Debtor under the Purchased Contracts arising or accruing prior to the Closing Date (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured, subject to the satisfaction of the provisions of Paragraph 10

(relating to payment of the applicable Cure Amounts), above, and the Purchaser shall have no liability or obligation arising or accruing under the Purchased Contracts prior to the Closing Date, except as otherwise expressly provided in the Purchase Agreement.

13. Provided that the Debtor pays the applicable Cure Amount, each non-debtor party to a Purchased Contract hereby is forever barred, estopped, and permanently enjoined from asserting against the Purchaser or the Purchased Assets, any default existing as of the Closing Date or any counterclaim, defense, setoff, or any other claim asserted or assertable against the Debtor as of the Closing Date.

14. The failure of the Debtor or the Purchaser to enforce at any time one or more terms or conditions of any Purchased Contract shall not be a waiver of such terms or conditions, or of the Debtor's and the Purchaser's rights to enforce every term and condition of the Purchased Contracts.

**Additional Provisions**

15. The consideration, including the final bid of $3,975,000.00, provided by Purchaser for the Purchased Assets under the Purchase Agreement is fair and reasonable and may not be avoided under Bankruptcy Code section 363(n).

16. The Transaction has been, and is undertaken by the Debtor and the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Transaction shall not affect the validity of the sale of the Purchased Assets to Purchaser, unless such authorization is duly stayed pending such appeal. Purchaser is in all respects a good-faith purchaser of the Purchased Assets and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code. In the event of any stay,

modification, reversal or vacation of this Order, then notwithstanding any such stay, modification, reversal or vacation, all obligations incurred by the Debtor under this Order and the Purchase Agreement prior to the effective date of such stay, modification, reversal or vacation will be governed in all respects by the original provisions of this Order, and the Purchaser shall be entitled to the rights, privileges and benefits granted in this Order with respect to all such obligations.

17. This Court retains jurisdiction to:

(a) Interpret, implement, and enforce the terms and provisions of this Order and the terms of the Purchase Agreement, all amendments thereto, and any waivers and consents thereunder, and of each of the agreements executed in connection therewith to which Debtor is a party or which has been assigned by Debtor to Purchaser;

(b) Protect Purchaser or any of the Purchased Contracts or Purchased Assets against any of the Liens or Interests (other than the Permitted Exceptions), as provided herein, and to enforce the injunctions provided herein with respect to the commencement or continuation of any action seeking to impose successor or other liability upon the Purchaser,

(c) Enter orders in aid or furtherance of the Sale and the Transaction;

(d) Compel delivery of all Purchased Assets to the Purchaser;

(e) Adjudicate any and all remaining issues concerning Debtor's right and authority to assume and assign the Purchased Contracts and the rights and obligations of Purchaser with respect to such assignment and the existence of any default (including any Cure Amounts) under any such Purchased Contract;

(f) Adjudicate all issues concerning any actual or alleged Liens or Interests in and to the Purchased Assets, including the extent, validity, enforceability, priority, and nature of all such actual or alleged Liens or Interests; and

(g) Except as expressly provided for herein, adjudicate any and all issues and/or disputes relating to Debtor and title or interest in the Purchased Assets and the proceeds of the Sale, the Sale Motion, and/or the Purchase Agreement.

18. This Sale Order: (a) shall be effective as a determination that, on the Closing Date, all Liens and interests of any kind or nature whatsoever existing as to the Purchased Assets prior to the Closing have been unconditionally released, discharged, and terminated as to the Purchased Assets, with such Liens and Interests to attach to the proceeds of such Sale, and that the conveyances described herein have been effected; and (b) shall be binding upon and shall govern the acts of all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registers of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record, or release any documents or instruments, or who maybe required to report or insure any title or state of title in or to any of the Purchased Assets.

19. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

20. All persons who or entities that are presently, or on the Closing Date may be, in possession of some or all of the Purchased Assets are hereby directed to surrender possession of the Purchased Assets to the Purchaser on the Closing Date.

21. The Purchaser shall have no liability or responsibility for any liability or other obligation of the Debtor arising under or related to the Purchased Assets or the Excluded Assets. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein and in the Purchase Agreement, the Purchaser shall not be liable for any claims against the Debtor or any of its predecessors or affiliates, except as expressly set forth in the Purchase Agreement as an Assumed Liability, and the Purchaser shall have no successor or vicarious liabilities of any kind or character, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or any obligations of the Debtor arising prior to the Closing Date, including, but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or, in any way, relating to the operation or transfer of the Debtor's business or assets prior to the Closing Date, or obligations in any way relating to collective bargaining agreements between the Debtor and any party, or any other obligations relating to current or former employees, or retirees of the Debtor. The sale of the Purchased Assets pursuant to the Purchase Agreement and this Order shall not give rise to any claims for severance against, or trigger any other employee benefit not otherwise payable in the ordinary course by the Debtor to any employee of the Debtor whose employment is continued by the Purchaser after the Closing Date.

22. If any person or entity that has financing statements, mortgages, mechanics' liens, *lis pendens*, or other documents or agreements evidencing Liens or Interests against the Purchased Assets shall not have delivered to Debtor and Purchaser, prior to Closing, in proper form for filing and executed by the appropriate parties, releases of all such Liens or Interests which the person or entity has with respect to the Purchased Assets, then: (i) Debtor or

the Purchaser hereby is authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Purchased Assets; and (ii) Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Liens or other Interests in the Purchased Assets as of Closing, of any kind or nature whatsoever.

23. The terms and provisions of the Purchase Agreement, the ancillary agreements, and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, Debtor and Purchaser and their respective affiliates, successors and assigns, and any affected third parties, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code or conversion of this case to a case under chapter 7, as to which trustee(s) such terms and provisions likewise shall be binding. The Purchase Agreement and the Transaction may be specifically enforced against, and shall not be subject to rejection or avoidance by, Debtor or any Chapter 7 or Chapter 11 Trustee of Debtor.

24. The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on Debtor or Debtor's estate.

25. The failure specifically to include any particular provisions of the Purchase Agreement or the ancillary agreements in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement and the ancillary agreements be authorized and approved in their entirety.

26. To the extent of any inconsistency between the provisions of this Sale Order, the Purchase Agreement, and any documents executed in connection therewith, the

provisions contained in the Sale Order and the Purchase Agreement and any documents executed or delivered in connection therewith shall govern, in that order.

27. Nothing contained in any chapter 11 plan confirmed in this chapter 11 case or any Order of this Court confirming such plan or any other order entered in this chapter 11 case (or any converted chapter 7 case) shall conflict with or derogate from the provisions of the Purchase Agreement, to the extent modified by this Order, or the terms of this Order.

28. In the event that this chapter 11 case is dismissed or converted to a chapter 7 case, or a trustee is appointed (whether under chapter 11 or 7), neither the dismissal or conversion of this case, nor the appointment of such a trustee, shall affect, in any manner the rights of Purchaser under the Purchase Agreement or this Sale Order, or any other agreements executed by Debtor in conjunction with the Sale and the Transaction, and all of the rights and remedies of Purchaser under this Sale Order, and such agreements shall remain in full force and effect as if the case had not been dismissed or converted or a trustee had not been appointed.

29. Notwithstanding anything to the contrary in this Order, the Bidding Procedures Order, the Sale Motion, the Purchase Agreement, any documents related to any of the foregoing, or any prior agreement or understanding, the Debtor, Purchaser, any Affiliates of the foregoing and any trustee appointed in this case ("Custodians"), whether under chapter 11 or chapter 7 of the Bankruptcy Code, shall each, in addition to any other obligations any of them may have under the Bankruptcy Code, the Bankruptcy Rules or applicable nonbankruptcy law regarding preservation and/or provision of Pension Records (as defined below) to the PBGC, Ft. Kent Holdings, Inc., plan administrator for the Consolidated Allagash Pension Fund (together with any successor administrators, "Ft. Kent") or other parties in interest, (i) maintain all participant, census, and payroll data and other records and information related to Debtor's Title IV Plans in such person's custody, possession or control ("Pension Records"), (ii) preserve and keep the Pension Records for a period of seven (7) years from the Closing Date ("Preservation

Period"), (iii) upon request by PBGC or Ft. Kent, make the Pension Records available to the PBGC or Ft. Kent at no cost to the PBGC or Ft. Kent, and (iv) after the Preservation Period, give PBGC and Ft. Kent ninety (90) days written notice, directed to the address below or such other address as PBGC or Ft. Kent may indicate in writing to the Custodians, prior to abandoning, destroying or otherwise disposing of any of the Pension Records and allow PBGC and Ft. Kent, at their option, to make copies thereof or take possession thereof. Notwithstanding anything in this paragraph to the contrary, however: (a) the Debtor's or any Chapter 11 Trustee's obligations arising under this paragraph shall terminate upon the conversion of this case to a Chapter 7 proceeding; (b) a Chapter 7 Trustee's obligations arising under this paragraph shall terminate upon the closing of this case, or the entry of an order of this Court, upon ninety (90) days prior written notice to the PGBC and Ft. Kent at the address below or such other address as PBGC or Ft. Kent may indicate in writing to the Custodians, terminating or modifying such Trustee's obligations hereunder; and (c) Ft. Kent shall only be entitled to Pension Records relating to the Consolidated Allagash Pension Fund.

30. The provisions of this Sale Order are non-severable and mutually dependent.

31. This Order shall take immediate effect and the 10-day appeal period provided by Fed. R. Bankr. P. 6004(h) and 6006(d) shall not apply so that the sale may close immediately.

**END OF ORDER**