UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE:                                    Case No.: 09-08282
                                          (Chapter 11)
MICHIGAN WHEEL CORPORATION,
a Delaware corporation,


            Debtor.                       Hon. James D. Gregg
_____/

**CORRECTED ORDER APPROVING SALE OF DEBTOR'S EXCESS CANADIAN
EQUIPMENT OUTSIDE THE ORDINARY COURSE OF BUSINESS FREE AND
CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO
11 U.S.C. § 363(b) [DOC #116, FILED 8/19/09]**

This matter having come before the Court on September 8, 2009, for a hearing on the Debtor's Motion to Approve Sale of the Debtor's Excess Canadian Equipment Free and Clear of Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 105(a) and 363 (the "Motion") pursuant to which the Debtor requested that this Court authorize it to sell the Debtor's Excess Canadian Equipment, as defined in the Motion, to 101280 PEI, Inc., or its assigns, for $85,000.00 (U.S.), or to such other person or persons who might make a higher bid therefore and the matter having come on for hearing in open court, and adequate notice of the Motion having been given to all parties required to receive such notice and it appearing that no other notice need be given, and it further appearing that all parties in interest and holders of liens, claims, interests and encumbrances were afforded an opportunity to be heard with regard to all proceedings before this Court and after consideration of the evidence presented by the parties of 101280 PEI, Inc., having made the high bid for the assets in the amount of Eighty Five Thousand and 00/Dollars (U.S.) ($85,000.00 (U.S.)) and no one having appeared in opposition to the sale and based upon the findings set forth in the record at the hearing with regard to the elements of 11 U.S.C. § 363(b) and (f), and after a review of the files and records herein and based on the

recommendation from the attorneys for the Debtor that it would be in the best interest of the estate to sell the Debtor's Excess Canadian Equipment pursuant to 11 U.S.C. § 363 to 101280 PEI, Inc. for the amount set forth above.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Debtor, be and is hereby authorized and empowered to sell the Debtor's Excess Canadian Equipment described in the Debtor's Motion on the terms and conditions set forth in the Motion to 101280 PEI, Inc., or its assigns, for the sum of $85,000.00 (U.S.) and such sale shall be and is hereby approved and the Debtor is hereby authorized and empowered to execute and deliver such instrument or instruments as are reasonably necessary to consummate the sale.

IT IS FURTHER ORDERED that the Excess Canadian Equipment which the Debtor is authorized to sell pursuant to this Order shall be sold free and clear of all liens, encumbrances, claims, security interests and obligations.  Such liens, encumbrances, claims, security interests and obligations shall attach to the proceeds from the sale in the same order of validity, rank and priority as such interests now exist in the Debtor's assets.

IT IS FURTHER ORDERED that all persons holding or claiming a lien, encumbrance, security interest or other interest in the Excess Canadian Equipment to be sold shall execute and deliver to the Debtor, at the time of closing, such releases, discharges, terminations or other documentation as Trustee or the purchaser may reasonably request to evidence the discharge of the same.  If for any reason such releases, discharges, terminations or other documentation are not forthcoming, this Order shall operate as a discharge of all such liens, encumbrances, claims, security interests or obligations with respect to the Excess Canadian Equipment sold, including without limitation all federal, state and local tax liens, if any, and all personal property taxes in existence as of the date of closing, whether then constituting a lien

against the Excess Canadian Equipment or not. Such liens, encumbrances, claims, security interests and obligations shall attach to the proceeds from the sale of the assets in the same order of validity, rank and priority as such interests now exist in the Debtor's assets.

IT IS FURTHER ORDERED that this Order shall take immediate effect and the 10-day appeal period provided by Fed. R. Bankr. P. 6004(h) and 6006(d) shall not apply so that the sale may close immediately.

**END OF ORDER**



**Signed: September 13, 2009**
GR_DOCS 1490610v2 62335.029

Hon. James D. Gregg
United States Bankruptcy Judge