UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE:

**MICHIGAN WHEEL CORPORATION,**
a Delaware corporation,

Case No.: GK 09-08282
Chapter 11, Case Filed 07/13/09
Hon. James D. Gregg

                **Debtor.**                /

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MESIROW FINANCIAL, INC. AS INVESTMENT BANKER FOR DEBTOR-IN-POSSESSION NUNC PRO TUNC TO THE PETITION DATE

Upon the application (the "Application") of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order authorizing the employment and retention of Mesirow Financial, Inc. ("Mesirow") as investment banker for the Debtor *nunc pro tunc* to the Petition Date and approving the Fee Structure (the "Application"); and it appearing that the relief requested herein is in the best interests of the Debtor's estate, its creditors and other parties in interest; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of this Application and opportunity for a hearing on this Application was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is granted;

IT IS FURTHER ORDERED that capitalized terms not otherwise defined herein have the meanings given to them in the Application;

IT IS FURTHER ORDERED that Debtor is authorized to retain Mesirow as its investment banker nunc pro tunc, effective as of the Petition Date pursuant to the terms and conditions set forth in the Engagement Letter;

IT IS FURTHER ORDERED that the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order;

IT IS FURTHER ORDERED that the indemnification provisions included in the Engagement Letter, including Exhibit 1 thereto, are approved in all respects;

IT IS FURTHER ORDERED that Mesirow shall be compensated in accordance with the Engagement Letter, and the Debtor is authorized to pay Mesirow according to the Fee Structure (as defined in the Application) upon the consummation of a Sale authorized by order of this Court without further application or order, and the Sale Transaction fee due to Mesirow shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code but not subject to the standard of review set forth in section 330 of the Bankruptcy Code;

IT IS FURTHER ORDERED that in addition to compensation for professional services rendered by Mesirow, pursuant to the terms of the Engagement Letter, Mesirow is entitled to reimbursement by the Debtor for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, including, without limitation, its legal fees and expenses without need for further court approval.

IT IS FURTHER ORDERED that, notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry;

IT IS FURTHER ORDERED that the relief granted herein shall be binding upon any chapter 11 trustee appointed in this chapter 11 case, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of this chapter 11 case to one under chapter 7; and

IT IS FURTHER ORDERED that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**END OF ORDER**



**Signed: September 13, 2009**

Hon. James D. Gregg
United States Bankruptcy Judge